UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MAKDISI and KHZOUN ALMAKDESI,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF STATE et al.,

*Defendants*.

No. 24-cv-09661 (MEF)(CF)

OPINION and ORDER

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the procedural history and allegations of this case.

\* \* \*

The relevant allegations for now are as follows.

A woman[1] and some relatives applied for visas to immigrate to the United States. See Plaintiffs' Complaint for Issuance of Writ of Mandamus ("Complaint") (ECF 1) ¶ 18.

They were interviewed at a consulate in late 2018. See id.

Since then, they have been told that their applications remain "'pending'" because of "ongoing 'administrative processing.'" See id. ¶ 19.

But they have yet to receive a concrete decision. See id. ¶ 23.

\* \* \*

---

[1] Khzoun Almakdesi.

In light of the above, the woman[2] and her brother[3] (from here, "the Plaintiffs") sued a variety of federal entities and officials (collectively, "the Defendants").

The gist of their claim: under federal law,[4] the Defendants are required to act one way or another on the Plaintiffs' visa applications, but have not done so --- even as more than seven years have passed since the 2018 consulate interviews.  See Complaint ¶¶ 2, 20, 29.

The relief sought by the Plaintiffs: a writ of mandamus, to force the Defendants to make a decision.  See id. ¶ 33; see generally id. ¶ 6 (invoking 28 U.S.C. § 1361, the statute that gives the district courts jurisdiction over any "mandamus [action] to compel an . . . employee of the United States . . . to perform a duty owed to the plaintiff").

\*   \*   \*

The Defendants have moved to dismiss for lack of jurisdiction and also on the merits.  See Brief in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint ("Defendants' Brief") (ECF 13-1) at 13, 20.

The motion is granted.

\*   \*   \*

As always, the Court starts with whether it has jurisdiction.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) ("[t]he requirement that jurisdiction be established as a threshold matter" is "inflexible and without exception") (citations omitted).

And here, there is no subject-matter jurisdiction.

\*   \*   \*

Per the Supreme Court, "mandamus may not issue so long as alternative avenues of relief remain available." Cheney v. U.S. District Court, 542 U.S. 367, 379 (2004); see also Kerr v. U.S.

---

[2]  Recall: Khzoun Almakdesi.

[3]  Michael Makdisi.

[4]  The Plaintiffs cite sections 101(a)(9) and (a)(16) of the Immigration and Nationality Act and one of the statute's implementing regulations.  See Complaint ¶¶ 21, 29; Plaintiffs' Response to Defendants' Motion to Dismiss (ECF 14) at 11.

District Court, 426 U.S. 394, 403 (1976) ("the party seeking issuance of [a] writ [of mandamus must] have no other adequate means to attain the relief he desires"); Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) ("In order to insure that the writ will issue only in extraordinary circumstances this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires.") (citations omitted); Mallard v. U.S. District Court, 490 U.S. 296, 309 (1989) ("To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek.") (citations omitted).[5]

This rule is jurisdictional. See Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs., 2 F.4th 121, 132 (3d Cir. 2021); Soobzokov v. Att'y Gen., 515 F. App'x 98, 101 (3d Cir. 2013); accord, e.g., Elezaj v. Mayorkas, 2025 WL 368877, at *6 (D.N.J. Feb. 3, 2025); Ahmad v. U.S. Citizenship & Immigr. Servs., 2024 WL 3272832, at *3 (D.N.J. July 2, 2024); Zengin v. Mayorkas, 2025 WL 337594, at *4 (D.N.J. Jan. 29, 2025); Lovitky v. Trump, 949 F.3d 753, 759 (D.C. Cir. 2020).

That is, if there is an adequate alternative form of judicial relief that a plaintiff can pursue, then the court does not have jurisdiction to take up the plaintiff's mandamus case. See 33 Wright & Miller's Federal Practice & Procedure § 8312 (2d ed. 2025) ("a court should dismiss [a mandamus action] for lack of jurisdiction" if an "adequate alternative remedy exists") (cleaned up); accord, e.g., Barnhart v. Devine, 771 F.2d 1515, 1518 n.2, 1527 (D.C. Cir. 1985); Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1182 (9th Cir. 1983); Gupta v. U.S. Atty. Gen., 439 F. App'x 858, 860 (11th Cir. 2011).

*    *    *

Here, there is an adequate alternative.

Section 706(1) of the Administrative Procedure Act provides "a cause of action to 'compel agency action unlawfully withheld or

---

[5]  This has long been the rule. See Audrey Davis, Note, A Return to the Traditional Use of the Writ of Mandamus, 24 Lewis & Clark L. Rev. 1527, 1535-37, 1544 (2020) (describing the absence of an adequate alternative remedy as a prerequisite to the issuance of a mandamus writ --- in 17th and 18th century English courts, and also in American courts at the Founding).

3

unreasonably delayed.'" Norton v. S. Utah Wilderness All., 542 U.S. 55, 61 (2004) (quoting the APA); see also, e.g., Gen. Motors Corp. v. United States, 496 U.S. 530, 539 (1990); Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin., 145 F.3d 120, 123 (3d Cir. 1998); Pub. Citizen Health Rsch. Grp. v. Chao, 314 F.3d 143, 151 (3d Cir. 2002); Geda v. Dir. U.S. Citizenship & Immigr. Servs., 126 F.4th 835, 841 (3d Cir. 2025).

And that is what the Plaintiffs are looking for here --- "to compel agency action" (a decision on the visa applications) that has allegedly been "unreasonably delayed" (since at least 2018).

Because the APA provides a vehicle for what the Plaintiffs seek, the Court lacks subject-matter jurisdiction over their mandamus claim.[6]

Courts around the Nation have landed on this conclusion --- holding that the availability of an APA cause of action means there can be no mandamus jurisdiction in cases like this one, in which a plaintiff complains of delays in the adjudication of an immigration-related application. See, e.g., Ahmad v. U.S. Citizenship & Immigr. Servs., 2024 WL 3272832, at *5 (D.N.J. July 2, 2024) ("[B]ecause an alternative remedy is available to Plaintiffs under the APA --- in claiming that Defendants failed to adjudicate their asylum applications in a reasonably timely manner --- this Court cannot exercise subject matter jurisdiction over their Mandamus Act claim."); Aydin v. Zeleke, 2025 WL 3499246, at *6 (E.D. Pa. Dec. 5, 2025) (similar); Abulsheour v. Mayorkas, 2024 WL 5170742, at *2 (E.D. Pa. Dec. 19, 2024) (similar); Elezaj v. Mayorkas, 2025 WL 368877, at *6 (D.N.J. Feb. 3, 2025) (similar); Gouem v. Raufer, 2025 WL 2322456, at *4 (D.N.J. Aug. 12, 2025) (similar); Zengin v. Mayorkas, 2025 WL 337594, at *5 (D.N.J. Jan. 29, 2025) (similar); Mutlu v. Mayorkas, 2024 WL 4117329, at *4 (D.N.J. Sept. 9, 2024) (similar); Luo v. U.S. Citizenship & Immigr.

---

[6] The Defendants did not press this argument. Ordinarily, the Court is limited to those contentions the parties themselves press. See Clark v. Sweeney, 2025 WL 3260170, at *1-2 (U.S. Nov. 24, 2025). But that principle does not apply here, because federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citations omitted).

4

Servs., 2023 WL 5672041, at *3 (E.D.N.Y. Sept. 1, 2023) (similar); Fangfang Xu v. Cissna, 434 F. Supp. 3d 43, 56 (S.D.N.Y. 2020) (similar); Moreno v. Wolf, 558 F. Supp. 3d 1357, 1365 (N.D. Ga. 2021) (similar); Zhuo v. Mayorkas, 2024 WL 4309232, at *3 (E.D.N.Y. Sept. 26, 2024) (similar); Sharifi v. Blinken, 731 F. Supp. 3d 433, 438-39 (E.D.N.Y. 2024) (similar); Adiele v. Noem, 2025 WL 2659873, at *3 (D. Md. Sept. 17, 2025) (similar); Totonchi v. Gonzalez, 2007 WL 2331937, at *3 (N.D. Ohio Aug. 13, 2007) (similar); Adebayo v. U.S. Dep't of State, 2025 WL 964096, at *3 (E.D.N.Y. Mar. 31, 2025) (similar); Zheng v. Garland, 2024 WL 333090, at *5 (E.D.N.Y. Jan. 29, 2024) (similar); Kaur v. Mayorkas, 2023 WL 4899083, at *13 (S.D.N.Y. Aug. 1, 2023) (similar); Cohen v. Jaddou, 2023 WL 2526105, at *7 (S.D.N.Y. Mar. 15, 2023) (similar); Liu v. Wolf, 2020 WL 2836426, at *10 (S.D.N.Y. May 30, 2020) (similar); Garcia v. Noem, 2025 WL 3237502, at *4 (W.D. Wash. Nov. 20, 2025) (similar).

So too here.

There is no subject-matter jurisdiction over the Plaintiffs' mandamus claim, and so their complaint must be dismissed.[7]

\*   \*   \*

The motion to dismiss at ECF 13 is granted.  The dismissal is without prejudice.

---

[7]  The complaint as a whole must be dismissed, and not just its mandamus claim, because there is nothing in the complaint but a mandamus claim.  There are, to be sure, two paragraphs in the complaint that reference the APA.  See Complaint ¶¶ 5, 7.  Those are a bit hard to understand; they may amount to a suggestion that while the cause of action here is supplied by the Mandamus Act, the underlying substantive law comes not just from the Immigration and Nationality Act, see footnote 4, but also from the APA.  But one way or another, the Plaintiffs do not press an APA claim here.  The complaint has one count, and that count is plainly a mandamus count.  See Complaint ¶ 28 (laying out what "[a] mandamus plaintiff must demonstrate"); id. at ¶ 32 (explaining why "[m]andamus is . . . appropriate").  Indeed, the Plaintiffs put this title on their complaint: "PLAINTIFFS' COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS."  Complaint at 2.

Should the Plaintiffs wish to replead, they shall seek permission to do so on or before January 30, 2026.[8]

IT IS on this 6th day of January, 2026, **SO ORDERED**.

                                           _____
                                           Michael E. Farbiarz, U.S.D.J.

---

[8] Should the Plaintiffs seek leave to file an amended complaint, and should the Court grant that request, the Court would plan to order that the Defendants' motion to dismiss, if any, be filed on a very tight timeline. This is because there would likely be substantial overlap between the parties' already-filed briefs (which focus on mandamus) and the legal briefs that they would file after an APA claim might be pressed in an amended complaint. See Azam v. Bitter, 2024 WL 912516, at *4 (D.N.J. Mar. 4, 2024) ("Where . . . a plaintiff seeks to compel agency action unlawfully withheld or unreasonably delayed, courts treat claims under the APA and Mandamus Act co-extensively.") (citations omitted); Han Cao v. Upchurch, 496 F. Supp. 2d 569, 575 (E.D. Pa. 2007) ("Most of the courts that have addressed the issue agree that, for purposes of compelling agency action that has been unreasonably delayed, the mandamus statute and the APA are co-extensive.") (citations omitted); Ahmed v. Holder, 12 F. Supp. 3d 747, 752 n.3 (E.D. Pa. 2014) ("A claim seeking mandamus under the Mandamus Act is essentially the same as one for relief under Section 706 of the APA.") (citations omitted); Assadian v. Oudkirk, 694 F. Supp. 3d 1310, 1315 (S.D. Cal. 2023) (similar); Niyomwungere v. Mayorkas, 2025 WL 1865810, at *2 (D. Ariz. July 7, 2025) (similar); Chen v. Mayorkas, 2024 WL 3811144, at *2 (C.D. Cal. Aug. 9, 2024) (similar); Ahmed v. Bitter, 727 F. Supp. 3d 630, 637 (S.D. Tex. 2024) (similar); Skalka v. Kelly, 246 F. Supp. 3d 147, 152 (D.D.C. 2017) (similar); Yu v. Brown, 36 F. Supp. 2d 922, 928 (D.N.M. 1999) (similar); Al Awbathani v. U.S. Dep't of State, 2025 WL 2679960, at *9 (E.D. Mich. Sept. 18, 2025) (similar).